# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **SCOTT DEWEES,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 5:11-0861 |
| **SAM'S CLUB,** *et al.*, | ) |
| **Defendants.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's Application to Proceed *in Forma Pauperis*, filed on November 7, 2011. (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined the Complaint and all further documents of record submitted by Plaintiff, the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[1]

## FACTUAL BACKGROUND

On November 7, 2011, Plaintiff, acting *pro se*, filed his Complaint naming Sam's Club and "Receipt Checker/Sales Person Barbara" as the Defendants. (Document No. 1.) Plaintiff alleges that his personal bag was searched without his consent by Barbara, a Sam's Club employee, on May 22,

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2011, May 27, 2011, and June 3, 2011. (Id., pp. 4 - 5.) Plaintiff further complains that on May 22, 2011, the Manager "approached me and accused me of stealing merchandise stating that 3 co-workers had seen me place items in my personal bag." (Id., p. 4.) Plaintiff states that "this was said in a crowded store as I was shopping in one of the aisles." (Id.) Finally, Plaintiff claims that when he was "leaving the store on June 3, 2011, Sale Person Barbara uttered a derogatory and sexually orientated comment" at him. (Id., p. 5.) Plaintiff requests monetary and injunctive relief. (Id.)

## ANALYSIS

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. 28 U.S.C. §1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. §1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. §1332(a)(1).[2] In the instant matter, Plaintiff does not allege the basis for the District Court's

---

[2] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

    (1) citizens of different states;

    (2) citizens of a State and citizens or subjects of a foreign state . . .;

jurisdiction. See Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985)("plaintiffs must affirmatively plead the jurisdiction of the federal court"), citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Construing Plaintiff's Complaint liberally, the undersigned will consider whether Plaintiff is alleging Section 1331 or 1332 as a basis for the Court's jurisdiction.

First, the undersigned finds that Plaintiff's Complaint does not involve any question of "federal law" as to invoke jurisdiction under Section 1331. To the extent Plaintiff is attempting to present a claim under Section 1983, the Court finds his claim to be without merit. Under Section 1983, liability attaches only to conduct occurring under color of State law. Conduct constituting State action under the Fourteenth Amendment satisfies this requirement. Lugar v. Edmondson Oil Co., 457 U.S. 922 935 n. 18, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Private conduct constitutes State action only if it is "fairly attributable to the State." Id. at 937, 102 S.Ct. 2744; see also Scott v. Hern, 216 F.3d 897, 906 (10th Cir. 2000). This requirement is satisfied if two conditions are met: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and (2) the private party charged with the deprivation "must be a person who may fairly be said to be a State actor. This may be because he is a State official, because he has acted together with or has obtained significant aid from State officials, or because his conduct is otherwise chargeable to the

---

        (3) citizens of different States and in which citizens or subjects of a
        foreign state are additional parties; and

        (4) a foreign state, defined in section 1603(a) of this title, as plaintiff
        and citizens of a State or of different States.

State." Lugar, 457 U.S. at 937, 102 S.Ct. 2744. Defendants' alleged misconduct of searching Plaintiff's personal bag and accusing him of stealing, does not constitute private conduct "fairly attributable to the State" under the above test. Thus, the Defendants are not State actors, and therefore Plaintiff's claim against them does not fall under Section 1983.

Further, Plaintiff does not allege a violation of a federal statute or constitutional provisions. Plaintiff complains that his personal bag was improperly searched by a Sam's Club employee and that the Sam's Club manager improperly accused him of stealing items.[3] To the extent Plaintiff is alleging a violation of his Fourth Amendment rights, the undersigned finds his claim to be without merit. The United States Supreme Court has "consistently construed [the Fourth Amendment] protection as proscribing only governmental action." United States v. Jacobsen, 466 U.S. 109, 113, 104 S.Ct. 1652, 1656, 80 L.Ed.2d 85 (1984). The Fourth Amendment is not applicable "to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official." Id. at 113-14, 104 S.Ct. at 1656 (quoting Walter v. United States, 447 U.S. 649, 662, 100 S.Ct. 2395, 65 L.Ed.2d 410 (1980). In the instant case, there is no allegation or indication that the Defendants were acting as an agent of the government. Accordingly, Plaintiff's claim that he was subjected to an unreasonable search in violation of the Fourth Amendment is without merit.

Finally, the Court finds that the District Court does not have diversity jurisdiction pursuant to Section 1332. Section 1332 requires that the amount in controversy exceed $75,000. As relief,

---

[3] Viewing Plaintiff's claims against the Defendants as constituting a tort claim of slander under West Virginia law, the District Court cannot consider it under its supplemental jurisdiction because Plaintiff has failed to state any other claim for which relief can be granted over which the District Court has jurisdiction.

Plaintiff requests "monetary damages." Furthermore, it does not appear that Plaintiff and Defendants are "citizens of different states." Based on the foregoing, the undersigned finds that this Court lacks subject matter jurisdiction, and Plaintiff's Complaint should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (Document No. 2.), **DISMISS** Plaintiff's Complaint (Document No. 1.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: October 7, 2013.

R. Clarke VanDervort
United States Magistrate Judge