IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

SCOTT DEWEES,

          Plaintiff,

v.                                   CIVIL ACTION NO. 5:11-cv-00861

SAM'S CLUB,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff, Scott Dewees' *pro se* Complaint against Sam's Club (Document 1).[1] Therein, the Plaintiff alleges that on three occasions in 2011, Sam's Club employees searched his personal bag, as well as accusing him, on one occasion, of stealing merchandise in front of other customers, and once, directing a "derogatory and sexually oriented comment" at him. (Pl.'s Compl. at 4–5.) The Plaintiff further filed an *Application to Proceed in Forma Pauperis* (Document 2).

By *Standing Order* (Document 3) entered on November 7, 2011, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation (PF&R) for disposition, pursuant to 28 U.S.C. § 636. On October 7, 2013, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (Document 5) wherein it is recommended that this Court deny the Plaintiff's

---

[1] Because the Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and, therefore, are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

application to proceed *in forma pauperis,* dismiss the Plaintiff's complaint, and remove this matter from the Court's docket. In accordance with the provisions of 28 U.S.C. 636(b), the Plaintiff was allotted fourteen (14) days, plus three (3) mailing days, in which to file "specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection." (PF&R at 5.) The Plaintiff timely filed a document the Court construes as an objection to the PF&R on October 24, 2013

After thorough review and consideration of the Complaint, the PF&R, and the Plaintiff's Objections, the Court finds that the Magistrate Judge's Proposed Findings and Recommendation should be **ADOPTED.**

## I.  RELEVANT FACTS AND FINDINGS OF MAGISTRATE JUDGE

The Magistrate Judge found that the Court lacks subject matter jurisdiction to hear this case. Giving liberal construction to the Plaintiff's pleadings, the Magistrate Judge searched the complaint for information that could support jurisdiction under either 28 U.S.C. §§ 1331 or 1332, though the Plaintiff did not plead a basis for jurisdiction. The Magistrate Judge considered whether any federal law would support federal question jurisdiction under § 1331, and found that there was no action by state officials to support claims under Section 1983 or the United States Constitution, nor any other federal claim to support supplemental jurisdiction over state tort claims. Next, the Magistrate Judge considered federal diversity jurisdiction pursuant to Section 1332. The Plaintiff failed to allege the citizenship of either himself or Sam's Club, and requests "monetary damages," not an amount greater than $75,000 as required by Section 1332.

## II. STANDARD OF REVIEW

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the PF&R to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted). When reviewing portions of the PF&R *de novo*, the Court will consider the fact that the Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976; *Loe v. Armistead,* 582 F.2d 1291, 1295 (4th Cir. 1978).

## III. DISCUSSION

The Plaintiff's "objections" filed on October 24, 2013, consist of the following sentences, followed by a list of case citation with no further information or argument: "Plaintiff states that case should proceed as Plaintiff is King of Africa and that Zambia Africa is official capital. Plaintiff seeks monetary damages of $ 1 million." While the Court has considered that the Plaintiff may be attempting to amend his complaint to establish diversity jurisdiction with these statements, it is clear that this effort would be unsuccessful.[2]

Treating the document filed as containing objections, the Plaintiff has failed to point to any one portion of the Magistrate Judge's PF&R claiming an error of fact or law, or to any specific finding or recommendation with which he disagrees. Although the Court recognizes that the

---

2 The Court notes that Africa is a continent consisting of more than fifty politically distinct nations. Zambia is one country within Africa. Its capital is Lusaka. Even with the new information contained in the Plaintiff's filing, the action fails to state a claim for which relief can be granted and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

Plaintiff's *pro se* pleading should be given a liberal construction and held to a less stringent standard than that of an attorney, *de novo* review here would simply defeat the procedural and substantive purposes of referral to a magistrate judge. Therefore, to the extent the Plaintiff's October 24, 2013 filing can be considered an objection, the Court finds that the same should be **OVERRULED.**

## IV. CONCLUSION

Accordingly, after careful review and consideration, the Court incorporates herein the findings and recommendations of the Magistrate Judge as contained in the Proposed Findings and Recommendation, and **ORDERS** that the Magistrate Judge's *Proposed Findings and Recommendation* (Document 5) be **ADOPTED**, that the Plaintiff's *Application to Proceed in Forma Pauperis* (Document 2) be **DENIED**, that his Complaint (Document 1) be **DISMISSED,** and that this matter be **STRICKEN** from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge VanDervort, counsel of record, and any unrepresented party.

ENTER: November 25, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA